UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Case No.   1:23-cv-86-GNS

*Electronically Filed*

CENTURY SURETY COMPANY                                    PLAINTIFF

V.

DWIGHT A. HERALD,                                    DEFENDANTS
CLINTON ENTERPRISE, LLC,
STORM RESOURCES, LLC, STORM
BURCHETT, STEVE BURCHETT,
QUINCEY GUFFEY, AND
HAROLD AND JEAN LITTRELL

<u>COMPLAINT FOR
DECLARATORY JUDGMENT</u>

Comes the Plaintiff, Century Surety Company ("CSC"), by counsel, and for its Complaint

for Declaratory Judgment, states as follows:

**PARTIES**

1. CSC is a corporation organized and existing under the laws of the State of Ohio, with its

principal place of business located in the State of Michigan.

2. Upon information and belief, Defendant Dwight A. Herald ("Herald" or "Underlying

Plaintiff"), is and was at all times relevant a resident of Clinton County, Kentucky, with an

address of 695 Grider Hill Road., Albany, Kentucky, 42602.

3. Defendant Clinton Enterprise, LLC ("Clinton") is an inactive Kentucky Limited Liability

Company administratively dissolved on October 16, 2019, with a principal place of business and

registered agent of David M Cross at 200 E. Cumberland Street, Albany, Kentucky 42602.

4. Defendant Storm Resources, LLC, ("Storm Resources") is an inactive Kentucky Limited

Liability Company administratively dissolved on October 9, 2017, which was owned and operated

by Defendant Storm Burchett. The registered agent is Storm Burchett, Seventy-Six Falls Road, Albany, KY 42602.

5. Upon information and belief, Defendant Storm Burchett is and was at all times relevant a resident of Albany, Kentucky with an address of P.O. Box 416, Albany, Kentucky 42602.

6. Upon information and belief, Defendant Steve Burchett is and was at all times relevant a resident of Albany, Kentucky with an address of P.O. Box 454, Albany, Kentucky 42602.

7. Upon information and belief, Defendant Quincy Guffey is and was at all times relevant a resident of Albany, Kentucky with a last known address of 101 Bluestar Lane, Albany, Kentucky 42602.

8. Upon information and belief, Defendants Harold and Jean Littrell are and were at all times relevant residents of Albany, Kentucky, with an address of 2840 Ky Hwy 696, Albany, Kentucky 42602.

## JURISDICTION

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because:

    a. Complete diversity exists between CSC and the Defendants; and,
    b. The amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs, as detailed below.

## UNDERLYING COMPLAINT

10. On June 5, 2023, Defendant and Underlying Plaintiff Dwight A. Herald filed a Complaint in Clinton Circuit Court, identified as civil action No. 23-CI-00072 ("The Underlying Complaint" or "underlying litigation"), naming Storm Resources, LLC, Clinton Enterprises, LLC, Storm Burchett, Steve Burchett, Quincey Guffey, and Harold and Jean Littrell as Defendants ("Underlying Defendants"), seeking compensatory and punitive damages. A copy of the Complaint is attached hereto and identified as **Exhibit A.**

2

11. The Underlying Plaintiff alleges he suffered injuries and damages arising from an oil well explosion ("the incident") on or about June 16, 2022, while working on premises at or around Ky Hwy 696 in Albany, Kentucky ("the premises").[1]

12. The Underlying Plaintiff alleges he has suffered "severe bodily injury" due to the incident "resulting in medical bills in excess of Five Million Dollars."[2]

13. The Underlying Plaintiff alleges the Underlying Defendants "knew or should have known that the oil well was leaking natural gas" prior to the incident.[3]

14. The Underlying Plaintiff alleges he was an employee of the Underlying Defendants when the incident occurred.[4]

15. The Underlying Plaintiff alleges Defendant Quincey Guffey was also an employee of the Defendants when the incident occurred.[5]

16. The Underlying Complaint asserts one count of negligence against all Underlying Defendants, claiming the Underlying Defendants were "negligent in the ownership, occupancy, maintenance, operation, care, management, repair service, inspection and/or control" of the premises.[6]

17. The Underlying Complaint asserts one count of negligent safety management and control against Underlying Defendants Storm Resources, LLC, Clinton Enterprises, LLC, Storm Burchett, and Steve Burchett, claiming these Underlying Defendants negligently "supervised, managed, controlled, oversaw, and/or developed safety policies, procedures, rules, regulations, training,

---

[1] Exhibit A, Century0066.
[2] *Id.* at, Century0065.
[3] *Id.*
[4] *Id.* at, Century0066.
[5] *Id.* at, Century0065.
[6] *Id.* at, Century0066-0067.

guidelines, standards, and operations" and that they "failed in their duty of care by failing to provide employees with the proper personal protective equipment" on the premises.[7]

18. The Underlying Complaint asserts one count of negligent operation of a motor vehicle against Underlying Defendant Quincy Guffey, claiming he "was negligent in the occupancy, care and control" of a vehicle on the premises and, "failed in his duty of care by turning the ignition of the vehicle, resulting in a spark from the vehicle" causing the incident.[8]

19. The Underlying Complaint asserts one count of premises liability negligence against Underlying Defendants Harold and Jean Littrell alleging the Underlying Littrell Defendants failed to warn against or remedy hazardous conditions on the premises leading to the incident.[9]

20. In addition to alleged compensatory damages, the Underlying Plaintiff is asserting a claim of punitive damages against all Underlying Defendants.[10]

## POLICY

21. CSC issued a Commercial Lines Policy to Clinton, Policy No. CCP1021739 ("Policy"), effective from December 13, 2021 to December 13, 2022. A copy is attached hereto and identified as **Exhibit B**.

22. As stated within the Common Policy Declarations of the Policy, Clinton Enterprise, LLC, is the only named insured under the Policy.[11]

23. "SECTION II – WHO IS AN INSURED" of the Commercial General Liability Coverage Form, CG 0001 0413, of the Policy in pertinent part states as follows:

1. "If you are designated in the Declarations as:
…

---

[7] *Id*. at, Century0067-0068.
[8] *Id.* at, Century0068.
[9] *Id.* at, Century0067-0070.
[10] *Id.* at, Century0070.
[11] Exhibit B, Century0002.

    c.  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

…

2.  Each of the following is also an insured:

    a.  Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

    (1) "Bodily injury" or "personal and advertising injury":

      (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

…

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture, or limited liability company that is not shown as a Named Insured in the Declarations.[12]

24. The Limitation of Coverage to Designated Operations, Premises or Projects

Endorsement, OIG 1223 0120, within the Policy sets forth the following coverage schedule:

    Operation(s):

| | |
|---|---|
| 98161 | Oil or Gas Wells- servicing by contractors |
| 91586 | Contractors- subcontracted work- in connection with oil & gas field construction, reconstruction, or repair |

The provisions in the following paragraphs 1 through 4 revise the Commercial General Liability Coverage Form, CG 0001.

1.  Paragraph 1.b under Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability is Deleted in its entirety and replaced by the following paragraph b.

    b.  This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

    (1) The "bodily injury" or "property damage"

      (a) Arises out of any operation(s) shown in the Schedule above…[13]

…

---

[12] *Id.* at, Century0023-0024.
[13] *Id.* at, Century0059.

3. Paragraph 1.a. under Section I – Coverages, Coverage C – Medical Payments is deleted in its entirety and replaced by the following paragraph 1.a.

    1. Insuring Agreement

        a. We will pay medical expenses as described below for "bodily injury" caused by an accident that takes place in the "coverage territory" if the "bodily injury":

        (1) Arises out of any operation(s) shown in the Schedule above…

        …

        provided that:

            (a) The accident takes place during the policy period; and

            (b) The expenses are incurred and reported to us within one year of the date of the accident; and

            (c) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.[14]

25. The Commercial General Liability Coverage Form, CG 0001 0413, of the Policy, in pertinent part, sets forth the following exclusions to Coverage A – Bodily Injury and Property Damage Liability:

    2. Exclusions

    This insurance does not apply to:

    a. Expected or Intended Injury

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    …

    d. Workers' Compensation And Similar Laws

    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

    e. Employer's Liability

    "Bodily injury" to:

    (1) An "employee" of the insured arising out of and in the course of:

        (a) Employment by the insured; or

        (b) Performing duties related to the conduct of the insured's business; or

    (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

    This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury…

    …

    g. Aircraft, Auto Or Watercraft

---

[14] *Id.* at, Century0060.

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to other of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured…[15]

26. The Commercial General Liability Coverage Form, CG 0001 0413, of the Policy, in pertinent part, sets forth the following exclusions to Coverage C – Medical Payments:

2.  Exclusions
    We will not pay expenses for "bodily injury":
    a.  Any Insured
        To any insured, except "volunteer workers".
    b.  Hired Person
        To a person hired to do work for or on behalf of any insured or a tenant of any insured.
    …
    d.  Workers' Compensation And Similar Laws
        To a person, whether or not an "employee" of any insured, if benefits for the "bodily injury" are payable or must be provided under a workers' compensation or disability benefits law or a similar law.
    …
    g.  Coverage A Exclusions Excluded under Coverage A.[16]

27. The Oil and Gas – Special Exclusions and Limitations Endorsement, OIG 1201 1221, of the Policy in pertinent part states as follows:

A.  In consideration of the premium charged this policy has been issued subject to the following exclusions being added to Coverages A & B:
    This insurance does not apply to:
    …
    5.  Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees
        Claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable; including any multiplier of attorney's fees statutorily awarded to the prevailing party.
    …

---

[15] *Id.* at, Century0016-0018.
[16] *Id.* at, Century0022.

19. Insured versus Insured

Any claim for damages by any insured that qualifies as an insured in paragraph 1. of Section II – Who Is An Insured against any other insured that qualifies as an insured in paragraph 1. of Section II – Who Is An Insured arising directly or indirectly out of "bodily injury", "property damage" or "personal and advertising injury" sustained by any such insured.

…

B. In consideration of the premium charged this policy has been issued subject to the following changes to item 2. Exclusions in Coverage C:

Exclusion 2.a., Any Insured is deleted in its entirety and replaced with the following:

a. Any Insured

To any insured.

…

D. It is agreed that SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS is changed as follows:

1. Item 4., Other Insurance is deleted and entirely replaced by the following:

1. Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a. This insurance is excess over any other insurance whether the other insurance is stated to be primary, pro rata, contributory, excess, contingent, umbrella, or on any other basis; unless the other insurance is issued to the named insured shown in the Declarations of this Coverage Part and is written explicitly to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

b. When this insurance is excess, we will have no duty under Coverage A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

c. When this insurance is excess over other insurance, we will pay only our share of the amount of loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

…

F. It is agreed that the following changes are made to SECTION V – DEFINITIONS: The following definitions are deleted and entirely replaced:

1. Item 5., "Employee" is deleted in its entirety and replaced by the following:

5. "Employee" includes a "leased worker", a "temporary worker" and a "volunteer worker".[17]

---

[17] *Id.* at, Century0042-0044.

28. The Limitation – Independent Contractors Endorsement, OIG 1206 0220, of the Policy

in pertinent part states as follows:

The following exclusion is added to Section I – Coverages, Coverage A – Bodily Injury
and Property Damage Liability, paragraph 2., Exclusions.
Independent Contractors
(1) This insurance does not apply to "bodily injury" or "property damage" arising out of:
    (a) The acts or omissions of independent contractors while working on behalf of any
        insured; or
    (b) The negligent:
        (i)  Hiring or contracting, or
        (ii) Investigation, or
        (iii)Supervision, or
        (iv)Training, or
        (v) Retention,
        of any independent contractor for whom any insured is or ever was legally
        responsible and whose acts or omissions would be excluded by (a) above…
(2) This exclusion does not apply if the work was performed on your behalf by an
    independent contractor, pursuant to a written contract, and:
    (a) You had on file at the time the work commenced a valid certificate of
        insurance evidencing Commercial General Liability Coverage (occurrence
        form) for ongoing operations and "products-completed operations hazards"
        for the work performed by the independent contractor and you can produce
        that certificate for us when we ask for it; and
    (b) That certificate of insurance was with an insurance company with an A.M.
        Best rating of A- or better at the time of certificate issuance; and
    (c) The limits on the certificate were equal to, or greater than $1,000,000 Each
        Occurrence Limit, $2,000,000 General Aggregate Limit (Other than Products-
        Completed Operations), and $1,000,000 Products-Completed Operations
        Aggregate Limit; and
    (d) You are named as an additional insured on the independent contractor's policy
        for both ongoing operations and "products-completed operations hazards".
(3) For the purposes of this endorsement, independent contractor means any individual,
    natural person, or entity, including but not limited to a general contractor, a prime
    contractor, or a subcontractor performing any work, task, supervision, or other
    activity either directly or indirectly related to "your work", that:
    (a) Receives payment or other consideration, is entitled to payment or other
        consideration, or can be expected to seek payment or other consideration from
        any insured arising out of "your work"; or
    (b) Receives payment or other consideration, is entitled to payment or other
        consideration, or can be expected to seek payment or other consideration from
        any other entity, person, or party arising out of "your work", and
    (c) Is not an "employee" of the Named Insured.

This definition applies regardless of the existence or alleged existence of a written or oral contract or agreement with any insured or other doing work or performing tasks or duties for or on behalf of any insured. [18]

29. The Amendment – Representations and Warranties Endorsement, OIG 1209 1003, of the

Policy in pertinent part states as follows:

    A.  Item 6. Representations of SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS is deleted and entirely replaced with the following:
        6.  Representations and Warranties
           a.  Representations
           By accepting this policy you agree:
           (1) The statements in the Declarations are accurate and complete;
           (2) Those statements are based upon representations you made to us; and
           (3) We have issued this policy in reliance upon your representations.
           b.  Warranties
           By signing the application for insurance and accepting this policy you warrant that:
           (1) The information furnished by you in the application for insurance, including all accompanying schedules, loss histories, and correspondence, is accurate and complete as of the date(s) indicated on the application and accompanying schedules, loss histories and correspondence;
           (2) The application, accompanying schedules, loss histories and correspondence are incorporated as part of the policy.
           We have issued this policy in reliance upon the information furnished by you. False or misleading statements in the application for insurance, including all accompanying schedules, loss histories and correspondence, may be cause for denial of coverage under this policy.[19]

30. Prior to the issuance of the Policy, CSC received the Commercial Insurance Application,

attached hereto and identified as **Exhibit C**, purported to be signed by Defendant Storm Burchett

on December 10, 2021, on behalf of Defendant Clinton.

31. The Commercial Insurance Application represented that Defendant Clinton is an LLC,

that Defendant Clinton is an Oil and Gas Well Service Company, and is a contractor, and that the

Applicant has no other business ventures for which no coverage is requested.[20]

---

[18] *Id.* at, Century0048.
[19] *Id.* at, Century0049.
[20] Exhibit C, P. 1-3.

32. Prior to the issuance of the Policy, CSC received the Commercial General Liability Section application, attached hereto and identified as **Exhibit D**, purported to be signed by Defendant Storm Burchett on December 10, 2021, on behalf of Defendant Clinton.

33. The Commercial General Liability Section application represented that no operations have been sold, acquired, or discontinued within the previous five years, that the Applicant does not rent or loan equipment to others, that the Applicant has not been active and is not currently active in any joint ventures, and that the Applicant has no labor interchange with any other business or subsidiary.[21]

## FACTS

34. On or about June 21, 2022, Clinton reported the incident occurring at an oil well located at Ky Hwy 1076, Albany, Kentucky, on June 16, 2022, to CSC.

35. Upon information and belief, Harold Littrell owns the property at the well site and was the owner and operator of the oil well, Well #CC-109 ("the Oil Well"), operating under Permit #100749, issued by the Division of Oil and Gas within the Kentucky Energy and Environment Cabinet.

36. On June 1, 2022, Harold Littrell entered into a lease with Storm Resources, LLC, relating to the operation of the Oil Well. A copy of the lease is attached hereto and identified as **Exhibit E**.

37. Storm Resources, LLC, was not a named insured under the Policy or any other insurance policy to Defendant Storm Burchett's knowledge.[22]

---

[21] Exhibit D, P. 3-4.
[22] See the testimony of Storm Burchett through an Examination Under Oath, dated May 4, 2023, P. 68, ll. 17-21, attached here to and identified as **Exhibit F**.

38. Mr. Littrell and Storm Resources, LLC, entered into this lease agreement to "improve the production" of the Oil Well.[23] Pursuant to the lease agreement, Storm Resources, LLC, was to earn 70% of the profits resulting from the operation of the Oil Well, and Mr. Littrell would receive the remaining 30%.[24]

39. On June 16, 2022, Harold Littrell, Quincy Guffey, Mario Martinez, Kenneth Neal, and Dwight Harald were present at the Oil Well when the incident occurred.[25]

40. Mr. Guffey, Mr. Martinez, Mr. Neal, and Mr. Herald were paid based upon the hours worked per week via check by Storm Resources, LLC.[26]

41. Storm Burchett was the "supervisor" of Mr. Guffey, Mr. Martinez, Mr. Neal and Mr. Herald's work at the Oil Well.[27] Mr. Burchett was in charge of Mr. Guffey, Mr. Martinez, Mr. Neal and Mr. Herald, whether or not he was on site at the Oil Well with the four individuals.[28]

42. Mr. Burchett outlined the scope of Mr. Guffey, Mr. Martinez, Mr. Neal and Mr. Herald's roles/duties at the Oil Well, conducted multiple safety meetings prior to the work beginning, and determined the working hours for Mr. Guffey, Mr. Martinez, Mr. Neal and Mr. Herald at the Oil Well.[29]

43. CSC has been advised that Defendants Clinton Enterprise, LLC, Storm Resources, LLC, and Storm Burchett dispute its coverage position set forth below.

44. Upon information and belief, Defendants Quincey Guffey, Steve Burchett, and Harold and Jeal Littrell may dispute CSC's coverage position set forth below.

---

[23] Exhibit F, P. 20, l. 7 – P. 21, l. 6; P. 25, l. 22 – P. 26, l. 1; and, the statement of Harold Littrell to the Kentucky Energy and Environment Cabinet dated July 6, 2022, attached hereto and identified as **Exhibit G**.
[24] Exhibit F, P. 19, ll. 8-15.
[25] *Id*. at, P. 34, ll. 3-22.
[26] *Id*. at, P. 37, l. 2 – P. 39, l. 22.
[27] *Id*. at, P. 41, l. 23 – P. 42, l. 3.
[28] *Id*. at, P. 45, ll. 3-9.
[29] *Id*. at, P. 42, l. 24 – P. 43, l. 18; P. 45, ll. 10-14.

45. Upon information and belief, Defendant Herald may dispute CSC's coverage position. He is named as a Defendant in this action as he may have an interest in the proceeds of the Policy, if applicable.

## COUNT I

46. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

47. Section II, ¶ 1.c. of the Policy governs who is an insured when the named insured is designated in the Declarations as a limited liability company. Defendant Clinton is identified as an insured, along with Clinton's members, but only with respect to the conduct of Clinton's business, and Clinton's managers, but only with respect to their duties as Clinton's managers.[30]

48. Section II, ¶ 2.a. names other individuals who may be considered insureds including volunteer workers and employees, but only for acts within the scope of their employment by Defendant Clinton or while performing duties related to the conduct of Defendant Clinton's business.[31]

49. However, Section II, ¶ 2.a.(1)(a) states that none of the employees or volunteer workers identified in ¶ 2. are insureds for bodily injury to Clinton's partners, members, or to a co-employee while in the course of their employment or while performing duties related to the conduct of Clinton's business.[32]

50. The Underlying Plaintiff alleges he and Defendant Quincy Guffey were employees of Defendant Clinton when the incident occurred.[33]

---

[30] Exhibit B, Century 0023-0024.
[31] Id. at, Century 0024.
[32] Id.
[33] Exhibit A, Century 0065-0066.

51. The Underlying Plaintiff asserts his injuries were caused by an explosion which occurred due to the ignition of a motor vehicle by Defendant Guffey on June 16, 2022.[34]

52. Because the Underlying Plaintiff alleges he and Defendant Guffey were employees of Defendant Clinton, and that Defendant Guffey caused the incident while both individuals were allegedly working in the course of their employment of Defendant Clinton's business, Defendant Guffey is not an insured under the Policy.

53. CSC seeks a declaration stating that Defendant Quincy Guffey is not an insured under the Policy, and therefore CSC has no duty to pay, defend, indemnify, or extend coverage to Defendant Guffey in the underlying litigation.

## COUNT II

54. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

55. Section II, ¶ 1.c. of the Policy governs who is an insured when the named insured is designated in the Declarations as a limited liability company. Defendant Clinton is identified as an insured, along with Clinton's members, but only with respect to the conduct of Clinton's business, and Clinton's managers, but only with respect to their duties as Clinton's managers.[35]

56. The Policy would only extend coverage to Defendant Storm Burchett as a member or manager of Defendant Clinton and only with respect to his duties as a member or manager of Defendant Clinton.

57. The Policy does not extend coverage to Defendant Storm Burchett for any conduct he undertook personally or on behalf of any other business entities for which he works, manages or

---

[34] Exhibit A, Century 0068.
[35] *Id.* at, Century 0023-0024.

owns, as it relates to the allegations asserted by the Underlying Plaintiff arising from the June 16, 2022, incident.

58. CSC seeks a declaration stating that the Policy does not extend coverage to Defendant Storm Burchett for any conduct performed outside of his conduct with respect to his duties as a member or manager of Defendant Clinton, and therefore CSC has no duty to pay, defend, indemnify, or extend coverage to Defendant Storm Burchett for any such conduct in the underlying litigation.

## COUNT III

59. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

60. Section II, ¶ 1.c. of the Policy governs who is an insured when the named insured is designated in the Declarations as a limited liability company. Defendant Clinton is identified as an insured, along with Clinton's members, but only with respect to the conduct of Clinton's business, and Clinton's managers, but only with respect to their duties as Clinton's managers.[36]

61. Section II, ¶ 2.a. names other individuals who may be considered insureds including volunteer workers and employees, but only for acts within the scope of their employment by Defendant Clinton or while performing duties related to the conduct of Defendant Clinton's business.[37]

62. Defendants Storm Resources, LLC, Steve Burchett, and Harold and Jean Littrell are not and were not named insureds, or members, managers, volunteer workers or employees of Defendant Clinton. They were not acting with respect to the conduct of Clinton's business, with

---

[36] *Id.*
[37] *Id.*

respect to any duty as managers, performing any duty related to the conduct of Clinton's business, or acting within the scope of any employment by Clinton on June 16, 2022.

63. Defendants Storm Resources, LLC, Steve Burchett, and Harold and Jean Littrell are not insureds under the Policy. Therefore, the Policy does not extend coverage to Defendants Storm Resources, LLC, Steve Burchett, and Harold and Jean Littrell relating to the allegations asserted by the Underling Plaintiff.

64. CSC seeks a declaration stating that Defendants Storm Resources, LLC, Steve Burchett, and Harold and Jean Littrell are not insureds under the Policy, and therefore CSC has no duty to pay, defend, indemnify, or extend coverage to Defendants Storm Resources, LLC, Steve Burchett, and Harold and Jean Littrell in the underlying litigation.

## COUNT IV

65. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

66. The Designated Operations Endorsement of the Policy limits coverage to bodily injury that arises out of the identified Specified Operations:

    a.  Classification 98161 – Oil or Gas Wells – servicing by contractors; or

    b.  Classification 91586 – subcontracted work – in connection with oil & gas field construction, reconstruction, or repair.[38]

67. The operations that caused the Underlying Plaintiff's injuries were intended to "improve the production of the oil well" and did not constitute servicing by contractors of an oil or gas well, nor did the operations constitute subcontracted work in connection with the construction, reconstruction, or repair of an oil & gas field. [39]

---

[38] *Id.* at, Century0059.
[39] Exhibit F, P. 20, l. 7 – P. 21, l. 6; P. 25, l. 22 – P. 26, l. 1; Exhibit G.

68. Because the Underlying Plaintiff's injuries did not arise from either of the Specified Operations under the terms of the Designated Operations Endorsement of the Policy, the Policy does not afford insurance coverage to the Defendants relating to the Underlying Plaintiff's claims.

69. CSC seeks a declaration stating that the Underlying Plaintiff's injuries did not arise from either of the identified Specified Operations in the Policy, and therefore CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants in the underlying litigation.

## COUNT V

70. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

71. The Underlying Plaintiff alleges he was an employee of the Underlying Defendants when the incident occurred.[40]

72. The Workers' Compensation and Similar Laws exclusion to Coverage A – Bodily Injury and Property Damage Liability of the Policy states that the Policy does not apply to any obligation the insured holds under a workers' compensation, disability benefits or unemployment compensation law or any similar law.[41]

73.  If the Underlying Plaintiff is determined to have been an employee of the Underlying Defendants when the incident occurred, then he would be entitled to receive workers' compensation benefits pursuant to KRS §342, and the policy would not afford insurance coverage to the Defendants relating to the Underlying Plaintiff's claims.

74. CSC seeks a declaration stating that if the Underlying Plaintiff is determined to have been an employee of the Underlying Defendants and is entitled to workers' compensation

---

[40] Exhibit A, Century0066.
[41] Exhibit B, Century0016.

benefits, then CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants in the underlying litigation.

## COUNT VI

75. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

76. The Underlying Plaintiff alleges he was an employee of the Underlying Defendants when the incident occurred.[42]

77. The Employer's Liability exclusion to Coverage A – Bodily Injury and Property Damage Liability of the Policy states that the Policy does not apply to instances of bodily injury to an employee of the insured arising out of and in the course and scope of the employee's employment by the insured or the employee's performance of duties relating to the conduct of the insured's business.[43]

78. If the Underlying Plaintiff is determined to have been an employee of the Underlying Defendants when the incident occurred and his injuries arose out of and in the course of his employment, or he was performing duties related to the conduct of the Underlying Defendant's business, the policy does not afford insurance coverage to the Defendants relating to the Underlying Plaintiff's claims.

79. CSC seeks a declaration stating that if the Underlying Plaintiff is determined to have been an employee of the Underlying Defendants and his injuries arose out of and in the course of his employment, then CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants in the underlying litigation.

---

[42] Exhibit A, Century0066.
[43] Exhibit B, Century0016.

## COUNT VII

80. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

81. The Limitation – Independent Contractors Endorsement of the Policy adds an exclusion to Coverage A – Bodily Injury and Property Damage Liability of the Policy stating that the Policy does not apply to bodily injury claims arising out of the acts or omissions of independent contractors while working on behalf of any insured or the negligent hiring or contracting, investigation, supervision, training or retention of any independent contractor for whom any insured is or was legally responsible.[44]

82. The Underlying Plaintiff did not enter into a written contract to perform work as an independent contractor on behalf of Defendant Clinton and therefore, the exception to this exclusion does not apply.[45]

83. If the Underlying Plaintiff is determined to be an independent contractor working on behalf of any individual or entity determined to be an insured under the Policy in relation to the June 16, 2022, incident, the Policy does not afford insurance coverage to the Defendants relating to the Underlying Plaintiff's claims.

84. CSC seeks a declaration stating that if the Underlying Plaintiff is determined to be an independent contractor working on behalf of any insured under the Policy in relation to the incident, then CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants in the underlying litigation.

---

[44] *Id.* at, Century0048.

[45] *Id.*

## COUNT VIII

85. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

86. The Underlying Plaintiff asserts his injuries were caused by an explosion which occurred due to the ignition of a motor vehicle by Underlying Defendant Guffey on June 16, 2022.[46]

87. The Aircraft, Auto or Watercraft exclusion to Coverage A – Bodily Injury and Property Damage Liability of the Policy states that the Policy does not apply to bodily injury or property damage arising out of the use or entrustment to others of any "auto" owned or operated by or rented or loaned to any insured.[47]

88. If the Underlying Plaintiff's injuries are found to be caused by the use of a motor vehicle owned, operated, rented or loaned to any insured under the Policy, the Policy does not afford insurance coverage to the Defendants relating to the Underlying Plaintiff's claims.

89. CSC seeks a declaration stating that if the Underlying Plaintiff's injuries were caused by the use of a motor vehicle owned, operated, rented or loaned to any insured under the Policy, then CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants in the underlying litigation.

## COUNT IX

90. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

91. The Underlying Plaintiff asserts he was an employee of the Underlying Defendants and that his injuries were caused by an explosion which occurred due to the ignition of a motor

---

[46] Exhibit A, Century 0068.
[47] Exhibit B, Century0018.

vehicle by Defendant Guffey on June 16, 2022. This is the only conduct alleged against Defendant Guffey. [48]

92. The Aircraft, Auto or Watercraft exclusion to Coverage A – Bodily Injury and Property Damage Liability of the Policy states that the Policy does not apply to bodily injury or property damage arising out of the use or entrustment to others of any "auto" owned or operated by or rented or loaned to any insured.[49]

93. As the allegations against Defendant Guffey arise out of the use of a motor vehicle, the Policy does not extend insurance coverage to Defendant Guffey, regardless of his employment status with the Underlying Defendants.

94. CSC seeks a declaration stating that the Policy does not extend coverage to Defendant Guffey as the allegations against him solely arise out of the use of a motor vehicle, and therefore CSC has no duty to pay, defend, indemnify, or extend coverage to Defendant Guffey in the underlying litigation.

## COUNT X

95. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

96. The Underlying Plaintiff alleges he was an employee of Underlying Defendants when the incident occurred.[50]

97. The Oil and Gas – Special Exclusions and Limitations Endorsement of the Policy includes the Insured versus Insured exclusion which states that the Policy does not apply to any

---

[48] Exhibit A, Century 0068.
[49] Exhibit B, Century0018.
[50] Exhibit A, Century0066.

claim for damages by any insured against any other insured arising directly or indirectly out of bodily injury sustained by any insured.[51]

98. If the Underlying Plaintiff is determined to have been an employee of the Underlying Defendants and an insured under the Policy, and that his injuries were directly or indirectly caused by any other insured under the Policy, the Policy does not afford insurance coverage to the Defendants relating to the Underlying Plaintiff's claims.

99. CSC seeks a declaration stating that if the Underling Plaintiff was an employee of the Underlying Defendants and an insured under the Policy, and that his injuries were directly or indirectly caused by any other insured under the Policy, then CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants in the underlying litigation.

## COUNT XI

100. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

101. Coverage C – Medical Payments of the Policy includes Any Insured and Hired Person exclusions stating the Policy will not pay bodily injury expenses for any insured or any person hired to do work for or on behalf of any insured under the Policy.[52]

102. Coverage C – Medical Payments of the Policy includes an exclusion that states the Policy will not pay expenses for bodily injury to a person, whether or not an employee of any insured, if benefits are payable or  must be provided under a workers' compensation, disability benefits law, or a similar law.[53]

---

[51] Exhibit B, Century0042.
[52] *Id.* at, Century0022.
[53] *Id.*

103. Coverage C – Medical Payments of the Policy includes an exclusion that incorporates the Coverage A exclusions and states the Policy will not pay expenses for bodily injury that would be excluded under Coverage A – Bodily Injury and Property Damage Liability of the Policy.[54]

104. The Any Insured, Hired Person, Workers' Compensation And Similar Laws, and Coverage A Exclusions to Coverage C – Medical Payments under the Policy apply regardless of the Underlying Plaintiff's alleged employment status with the Underlying Defendants, and CSC owes no duty under the Policy to pay the Underlying Plaintiff's medical expenses on behalf of the Defendants for the injuries the Underlying Plaintiff sustained as a result of the incident.

105. CSC seeks a declaration stating that the Any Insured, Hired Person, Workers' Compensation And Similar Laws, and Coverage A Exclusions to Coverage C – Medical Payments operate to exclude coverage to the Underlying Plaintiff under Coverage C – Medical Payments of the Policy, and therefore CSC owes no duty to pay the Underlying Plaintiff's medical expenses on behalf of the Defendants in the underlying litigation.

## COUNT XII

106. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

107. The Underlying Plaintiff alleges the Defendants "knew or should have known" of the presence of a natural gas leak on the premises prior to the incident.[55]

---

[54] *Id.*
[55] Exhibit A, Century0065.

108. The Expected or Intended Injury exclusion to Coverage A – Bodily Injury and Property Damage Liability of the Policy states that the Policy does not apply to bodily injury or property damage expected or intended from the standpoint of the insured.[56]

109. If the Defendants knew of the presence of a natural gas leak and expected the incident's occurrence, the Policy does not afford insurance coverage to the Defendants relating to the Underlying Plaintiff's claims.

110. CSC seeks a declaration stating that if the Defendants knew of the natural gas leak and expected the incident to occur, then CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants in the underlying litigation.

## COUNT XIII

111. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

112. In addition to compensatory damages, the Underlying Plaintiff is also asserting a claim for punitive damages against the Underlying Defendants due to his injuries suffered arising from the incident.[57]

113. The Oil and Gas – Special Exclusions and Limitations Endorsement of the Policy includes the Punitive, Exemplary, Treble Damages or Multipliers of Attorney's Fees exclusion which states that the Policy does not apply to claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable.[58]

---

[56] Exhibit B, Century0016.
[57] Exhibit A, Century0070.
[58] Exhibit B, Century0039.

114. The Policy includes an exclusion for claims or demands for payment of punitive damages and does not afford insurance coverage relating to the Underlying Plaintiff's claim for punitive damages against the Underlying Defendants.

115. CSC is seeking a declaration stating that the Policy does not afford insurance coverage relating to the Underlying Plaintiff's claim for punitive damages, and therefore CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants relating to the claim for punitive damages in the underlying litigation.

## COUNT XIII

116. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

117. The Amendment – Representations and Warranties Endorsement of the Policy states that CSC issued the Policy to Defendant Clinton expressly relying upon all representations and warranties the insured made in its application. False or misleading statements in the application for insurance may be cause for denial of coverage under the Policy.[59]

118. By signing the Commercial Insurance Application, representations were made to CSC that Defendant Clinton was an active LLC as of the date of the applications' execution, December 10, 2021.[60]

119. By signing the Commercial General Liability Section, representations were made to CSC that no operations have been sold, acquired, or discontinued within the previous five years.[61]

---

[59] *Id.* at, Century0049.
[60] Exhibit C, P. 1.
[61] Exhibit D.

120. However, publicly available information indicates that Clinton Enterprise, LLC, was administratively dissolved on October 16, 2019, within five years of December 10, 2021, when the applications for insurance were executed.

121. The representations made in the applications regarding the legal status of Defendant Clinton were false at the time of execution, CSC relied upon these representations when the Policy was issued, and CSC has the right to deny coverage to the Defendants in relation to the Underlying Plaintiff's claims for damages.

122. CSC seeks a declaration stating that Defendant Clinton represented in its application for insurance that it was an active LLC and no operations had been sold, acquired, or discontinued within the previous five years, CSC relied upon these representations when the Policy was issued, and therefore CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants in the underlying litigation.

## COUNT XIV

123. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

124. The Amendment – Representations and Warranties Endorsement of the Policy states that CSC issued the Policy to Defendant Clinton expressly relying upon all representations and warranties the insured made in its application. False or misleading statements in the application for insurance may be cause for denial of coverage under the Policy.[62]

125. Defendant Harold Littrell and Defendant Storm Resources, LLC, entered into a lease agreement to "improve the production" of the Oil Well.[63] Pursuant to the lease agreement,

---

[62] Exhibit B, Century0049.
[63] Exhibit F, P. 20, l. 7 – P. 21, l. 6; P. 25, l. 22 – P. 26, l. 1; and Exhibit G.

Defendant Storm Resources, LLC, was to earn 70% of the profits resulting from the operation of the Oil Well, with Defendant Littrell to receive the remaining 30%.[64]

126. By signing the Commercial Insurance Application, representations were made to CSC that Defendant Clinton was an Oil and Gas Well Service Company and was a Contractor.[65]

127. As Defendant Storm Burchett and any of the business entities which he manages or owns who were involved in the work on the premises which led to the incident were operating to further their own personal interests based upon the contract with Defendant Harold Littrell, the representations made in the Commercial Insurance Application regarding Defendant Clinton's role as an Oil and Gas Well Service Company were false, and CSC has the right to deny coverage to the Defendants in relation to the Underlying Plaintiff's claims for damages.

128. CSC seeks a declaration stating that Defendant Clinton represented in its application for insurance that it was an Oil and Gas Well Service Company and was a Contractor, CSC relied upon these representations when the Policy was issued, and therefore CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants in the underlying litigation.

## COUNT XV

129. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

130. The Amendment – Representations and Warranties Endorsement of the Policy states that CSC issued the Policy to Defendant Clinton expressly relying upon all representations and warranties the insured made in its application. False or misleading statements in the application for insurance may be cause for denial of coverage under the Policy.[66]

---

[64] Exhibit F, P. 19, ll. 8-15.
[65] Exhibit C, P. 2.
[66] Exhibit B, Century0049.

131. By signing the Commercial Insurance Application, representations were made to CSC that the Applicant had no other business ventures for which coverage was not requested.[67]

132. As Defendant Storm Burchett owns Defendant Storm Resources, LLC, and Storm Resources was involved in the work and may have been the entity that was operating the equipment on the premises which led to the incident, CSC has the right to deny coverage to the Defendants in relation to the Underlying Plaintiff's claims for damages.

133. CSC seeks a declaration stating that Defendant Clinton represented in its application for insurance that it had no other business ventures for which coverage was not requested, CSC relied upon these representations when the Policy was issued, and therefore CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants in the underlying litigation.

## COUNT XVI

134. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

135. The Amendment – Representations and Warranties Endorsement of the Policy states that CSC issued the Policy to Defendant Clinton expressly relying upon all representations and warranties the insured made in its application. False or misleading statements in the application for insurance may be cause for denial of coverage under the Policy.[68]

136. By signing the Commercial General Liability Section application, representations were made to CSC that the Applicant does not rent or loan equipment.[69]

---

[67] Exhibit C, P. 3.
[68] Exhibit B, Century0049.
[69] Exhibit D, P. 3.

137. If Defendant Clinton loaned equipment for use by other entities or individuals on the premises, CSC has the right to deny coverage to the Defendants in relation to the Underlying Plaintiff's claims for damages.

138. CSC seeks a declaration stating that Defendant Clinton represented in its application for insurance that it does not rent or loan equipment, CSC relied upon these representations when the Policy was issued, and therefore if Defendant Clinton loaned equipment for use by other entities or individuals on the premises, CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants in the underlying litigation.

## COUNT XVII

139. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

140. The Amendment – Representations and Warranties Endorsement of the Policy states that CSC issued the Policy to Defendant Clinton expressly relying upon all representations and warranties the insured made in its application. False or misleading statements in the application for insurance may be cause for denial of coverage under the Policy.[70]

141. By signing the Commercial General Liability Section application, representations were made to CSC that the Applicant has not been active and is not currently active in any joint ventures.[71]

142. If Defendant Clinton engaged in a joint venture with the other involved entities leading to the incident, CSC has the right to deny coverage to the Defendants in relation to the Underlying Plaintiff's claims for damages.

---

[70] Exhibit B, Century0049.
[71] Exhibit D, P. 4.

143. CSC seeks a declaration stating that Defendant Clinton represented in its application for insurance that it had not been active and was not currently active in any joint ventures, CSC relied upon these representations when the Policy was issued, and therefore if Defendant Clinton engaged in a joint venture with the other involved entities leading to the incident, CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants in the underlying litigation.

## COUNT XVIII

144. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

145. The Amendment – Representations and Warranties Endorsement of the Policy states that CSC issued the Policy to Defendant Clinton expressly relying upon all representations and warranties the insured made in its application. False or misleading statements in the application for insurance may be cause for denial of coverage under the Policy.[72]

146. By signing the Commercial General Liability Section application, representations were made to CSC that the Applicant has no labor interchange with any other business or subsidiary.[73]

147. If Defendant Clinton interchanged labor with other entities leading to the incident, CSC has the right to deny coverage to the Defendants in relation to the Underlying Plaintiff's claims for damages.

148. CSC seeks a declaration stating that Defendant Clinton represented in its application for insurance that it had no labor interchange with any other business or subsidiary, CSC relied upon this representation when the Policy was issued, and therefore if Defendant Clinton interchanged labor with other entities leading to the incident, CSC has no duty to pay, defend, indemnify, or extend coverage to the Defendants in the underlying litigation.

---

[72] Exhibit B, Century0049.
[73] Exhibit D, P. 4.

## COUNT XVIII

149. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

150. The Oil and Gas – Special Exclusions and Limitations Endorsement includes an amendment to Item 4., Other Insurance within Section IV – Commercial General Liability Condition of the Policy, establishing that the Policy is excess any other available insurance as to any individual or entity not identified as a named insured under the Policy, and the amendment removes any duty CSC has to defend any individual or entity not identified as a named insured under the Policy if any other insurer has such a duty as to that individual or entity.

151. If coverage is found under this Policy, this Policy is excess any other available insurance identified in relation to the claims asserted by the Underling Plaintiff against Defendants Storm Resources, LLC, Storm Burchett, Steve Burchett, Quincey Guffey, and Harold and Jean Littrell arising from the incident, and CSC has no duty to defend Defendants Storm Resources, LLC, Storm Burchett, Steve Burchett, Quincey Guffey, and Harold and Jean Littrell if any other insurer has a duty to defend Defendants Storm Resources, LLC, Storm Burchett, Steve Burchett, Quincey Guffey, and Harold and Jean Littrell.

152. CSC seeks a declaration stating that to the extent coverage is found under the Policy, the Policy is excess any other available insurance identified as to Defendants Storm Resources, LLC, Storm Burchett, Steve Burchett, Quincey Guffey, and Harold and Jean Littrell, and CSC has no duty to pay, defend, indemnify, or extend coverage to Defendants Storm Resources, LLC, Storm Burchett, Steve Burchett, Quincey Guffey, and Harold and Jean Littrell if any other insurer has such a duty.

## COUNT XIX

153. CSC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint.

154. CSC reserves the right to deny any and all claims that have been made, or which may be made in the future, by the Defendants in this action if CSC later determines that said claims can be denied under any provision of the applicable insurance policy issued between CSC and Defendant Clinton Enterprise, LLC, including but not limited to the terms, conditions, exclusions and any other policy provision not specifically set forth herein.

155. CSC specifically reserves the right to assert any term, condition, exclusion, or any other provision of the insurance policy issued to Defendant Clinton Enterprise, LLC, as it may be applicable to any claim arising out of the facts of this litigation or the litigation initiated by the Underlying Plaintiff, by any individual or entity.

**WHEREFORE**, the Plaintiff, Century Surety Company, prays the Court as follows:

1.  For entry of a Declaratory Judgment form this Court, declaring that the Plaintiff, Century Surety Company, has no duty to pay, defend, indemnify, or extend coverage to the Defendants for any damages that have been sought by the Underlying Plaintiff Dwight A. Herald, or that are sought or may be sought by any individual or entity relating to the incident that occurred on June 16, 2022;

2.  For an award of its costs sustained herein, including reasonable attorneys' fees (if applicable);

3.  For trial of this cause by Jury; and,

4.  For any and all other just and proper relief to which this Court may deem it is entitled.

Respectfully submitted,

FREEMAN MATHIS & GARY, LLP

*/s/ Barry M. Miller*
Barry M. Miller
Lucas R. Harrison
2525 Harrodsburg Road, Suite 500
Lexington, Kentucky 40504
(859) 410-7851
(859)201-3954
bmiller@fmglaw.com
lucas.harrison@fmglaw.com