# EXHIBIT A

Filed          23-CI-00072     06/05/2023          Jake Staton, Clinton Circuit Clerk
Century000063
"Filed Electronically"
06/21/2023 10:26:29
89056
Presiding Judge: HON. DAVID L. WILLIAMS (640323)
COM : 000001 of 000010

COMMONWEALTH OF KENTUCKY
60th JUDICIAL CIRCUIT
CLINTON CIRCUIT COURT
CIVIL ACTION NO. 23-CI-000___

DWIGHT A. HERALD                                                      PLAINTIFF

v.                              **COMPLAINT**


STORM RESOURCES, LLC
SEVENTY-SIX FALLS ROAD
P.O. BOX 416
ALBANY, KY 42602
    **Serve**: Certified Mail
        Storm Burchett, Registered Agent
        P.O. Box 416
        Albany, KY 42602

CLINTON ENTERPRISES, LLC                                              DEFENDANTS
200 E. CUMBERLAND ST.
ALBANY, KY 42602
    **Serve**: Certified mail
        David M. Cross, Registered Agent
        200 E. Cumberland St.
        Albany, KY 42602

STORM BURCHETT
    **Serve:** Certified Mail
        P.O. Box 416
        Albany, KY 42602

STEVE BURCHETT
    **Serve:** Certified Mail
        P.O. Box 454
        Albany, KY 42602

QUINCEY GUFFEY
    **Serve:** Sheriff
        101 Bluestar Lane
        Albany, KY 42602

Filed          23-CI-00072     06/05/2023          Jake Staton, Clinton Circuit Clerk
Century0063

HAROLD LITTRELL and JEAN LITTRELL
<u>Serve:</u>  Certified Mail
2840 KY Hwy 696
Albany, KY 42602

\* \* \* \* \* \*

Comes now the Plaintiff, Dwight A. Herald, by counsel, and for his Complaint and Jury Demand against the above-named Defendants, states as follows:

### PARTIES

1. Plaintiff, Dwight A. Herald, is and at all times pertinent hereto was a resident of Clinton County, Kentucky, with a residential address of 695 Grider Hill Rd., Albany, Kentucky, 42602.

2. Defendant, Storm Resources, LLC, is and at all times pertinent hereto was a limited liability corporation conducting business in Clinton County, Kentucky. The registered agent is Storm Burchett, Seventy-Six Falls Rd, P.O. Box 416, Albany, KY 42602

3. Defendant, Clinton Enterprises, LLC, is and at all times pertinent hereto was a limited liability corporation conducting business in Clinton County, Kentucky. The registered agent is David M. Cross, 200 E. Cumberland St., Albany, KY 42602

4. Defendant, Storm Burchett, is and at all times pertinent hereto a resident and citizen of Albany, Kentucky.

5. Defendant, Steve Burchett, is and at all times pertinent hereto a resident and citizen of Albany, Kentucky.

6. Defendant, Quincey Guffey, is and at all times pertinent hereto a resident and citizen of Albany, Kentucky.

7. Defendants, Harold Littrell and Jean Littrell, are and at all times pertinent hereto

residents and citizens of Albany, Kentucky.

8. As used herein, Storm Resources, LLC., Clinton Enterprises, LLC., Storm Burchett and Steve Burchett shall be collectively referred to as "Employers".

## JURISDICTION

9. Subject matter jurisdiction is proper in this Court as the damages sustained by the Plaintiff as alleged herein exceed the jurisdictional minimums mandated by statute.

10. Venue properly lies in Clinton County Circuit Court since the Defendant's negligent acts or omissions which are the subject of this action, occurred in Clinton County, Kentucky.

## GENERAL FACTUAL ALLEGATIONS

11. Plaintiff reasserts each and every allegation set forth in this Complaint as if fully set forth herein.

12. That on or about June 16, 2022, while performing work for the Defendants, the Plaintiff suffered severe bodily injury from an oil well explosion resulting in medical bills in excess of Five Million Dollars.

13. That the Defendants knew or should have known that the oil well was leaking natural gas when the Plaintiff and others were sent by the Defendants to make repairs to the well.

14. That the Defendants failed to provide or have available to their employees, personal protective equipment, such as fire-retardant clothing, as required by OSHA standards.

15. That the Defendants failed to have any person on site trained in first aid, as required by OSHA standards.

16. That while at the location, Quincey Guffey, an employee of the Defendants, was attempting to move a truck and upon turning the ignition, the natural gas leaking from the well

was ignited, causing an explosion.

17. The gas explosion caused third degree burns over seventy five percent of the Plaintiff's body.

18. The Plaintiff was hospitalized for over four months at Vanderbilt University Hospital in Nashville, TN.

19. That the Plaintiff endured excruciating mental and physical pain while being treated for his burns and continues to have pain every day of his life.

20. The Defendants took no precautions to prevent the leaking gas from exploding.

## COUNT I - NEGLIGENCE

21. Plaintiff reasserts each and every allegation set forth in this Complaint as if fully set forth herein.

22. That on or about June 16, 2022, the Plaintiff was legally on the premises located on KY Hwy 696, for the purpose of making repairs to an oil well as an employee of the Defendants.

23. That on or about June 16, 2022, and at all times pertinent hereto, the Defendants, individually and/or by and through their agents, representatives, employees, ostensible agents, operators, owners, members, managers and/or partners, were negligent in the ownership, occupancy, maintenance, operation, care, management, repair, service, inspection and/or control of the premises of the oil well located at KY Hwy 696.

24. That as a direct and proximate result of the Defendant's negligence, the Plaintiff sustained both temporary and permanent injuries on over seventy five percent of his body causing excruciating mental and physical pain and anguish, the loss of enjoyment of life and impairment of the power to labor and earn money, and he will continue to suffer such damage in

the future, that he is exposed to the increased likelihood of future complications, that he has incurred large sums of money for physicians and medical expenses in treating said injuries and that he will be required to incur large sums of money for medical expenses in the future, with his injuries being permanent in nature.

### COUNT II – NEGLIGENT SAFETY MANAGEMENT AND CONTROL

25. Plaintiff reasserts each and every allegation set forth in this Complaint as if fully set forth herein.

26. At all times relevant hereto, Defendants "Employers" controlled, oversaw, managed, developed, supervised, and/or were responsible for safety policies, procedures, rules, regulations, training, guidelines, standards, operations, and/or oversight for Defendants employees and/or agents.

27. Defendant Employers negligently supervised, managed, controlled, oversaw, and/or developed safety policies, procedures, rules, regulations, training, guidelines, standards, and operations.

28. Defendant Employers, authorized and/or were aware or should have been aware or should have anticipated the acts or omissions of their employees.

29. Defendant Employers had actual and constructive knowledge and knew or should have known that their employees were not adequately trained and/or sufficiently familiar with safety policies, procedures, rules, regulations, training, guidelines, standards, and operations.

30. Defendant Employers had actual and constructive knowledge and knew or should have known that their employees were not supervised regarding safety policies, procedures, rules, regulations, training, guidelines, standards, and operations.

31. Defendant Employers failed in their duty of care by failing to adequately instruct and

train employees in the safe operation of equipment to make repairs to the oil well.

32. Defendant Employers failed in their duty of care by failing to provide employees with the proper personal protective equipment necessary to safely operate equipment and make repairs to the oil well.

33. That as a direct and proximate result of the Defendant's negligence, the Plaintiff sustained temporary and permanent injuries on over seventy five percent of his body generally causing excruciating mental and physical pain and anguish the loss of enjoyment of life and impairment of the power to labor and earn money and will continue to suffer such damage in the future, that he is exposed to the increased likelihood of future complications, that he has incurred large sums of money for physicians and medical expenses in treating said injuries and that he will be required to incur large sums of money for medical expenses in the future, with his injuries being permanent in nature.

## COUNT III – NEGLIGENT OPERATION OF MOTOR VEHICLE

34. Plaintiff reasserts each and every allegation set forth in this Complaint as if fully set forth herein.

35. The Defendant, Quincey Guffey, had actual and constructive knowledge and knew or should have known about the hazardous conditions of the oil well and the natural gas leak.

36. On or about June 16, 2022, Defendant, Quincey Guffey, in his capacity as an agent or employee of Defendant Employers, was negligent in the occupancy, care and control of the vehicle that ignited the fumes of the natural gas leak, causing an explosion.

37. Defendant, Quincey Guffey, failed in his duty of care by turning the ignition of the vehicle, resulting in a spark from the vehicle causing an explosion of natural gas.

38. That as a direct and proximate result of the Defendant's negligence, the Plaintiff

sustained temporary and permanent injuries on over seventy five percent of his body causing excruciating mental and physical pain and anguish, the loss of enjoyment of life, and impairment of the power to labor and earn money, will continue to suffer such damage in the future, that he is exposed to the increased likelihood of future complications, that he has incurred large sums of money for physicians and medical expenses in treating said injuries, and that he will be required to incur large sums of money for medical expenses in the future with his injuries being permanent in nature.

### COUNT IV – NEGLIGENT – PREMISES LIABILITY

39. Plaintiff reasserts each and every allegation set forth in this Complaint as if fully set forth herein.

40. That the Defendants, Harold Littrell and Jean Littrell, were and at all times pertinent hereto the landowners of the subject property located on KY Hwy 696.

41. That the Defendants, Harold Littrell and Jean Littrell, had actual and constructive knowledge and knew or should have known about the hazardous conditions of the oil well and the natural gas leak.

42. That the Defendants, Harold Littrell and Jean Littrell, failed to warn about the hazardous conditions of the oil well and natural gas leak on the property.

43. That the Defendants, Harold Littrell and Jean Littrell, knew or should have known that the Plaintiff would not discover or realize the dangers of the hazardous condition of the oil well and natural gas leak and therefore failed to exercise reasonable care to protect the Plaintiff from said dangers.

44. That as a direct and proximate result of the Defendant's negligence, the Plaintiff sustained both temporary and permanent injuries on over seventy five percent of his body

causing excruciating mental and physical pain and anguish, the loss of enjoyment of life and impairment of the power to labor and earn money, and he will continue to suffer such damage in the future, that he is exposed to the increased likelihood of future complications, that he has incurred large sums of money for physicians and medical expenses in treating said injuries and that he will be required to incur large sums of money for medical expenses in the future, with his injuries being permanent in nature.

WHEREFORE, Plaintiff, Dwight A. Herald, demands judgment against each of the Defendants as follows:

1. Compensatory and punitive damages against the Defendants for an amount in excess of the minimum jurisdictional limits of this court for the following elements of damages:

    a. Past, present, and future physical, mental, and emotional pain, suffering, and inconvenience;

    b. Past, present, and future medical expenses incurred as a direct and proximate result of the Defendants.

    c. Punitive damages

    d. Loss of wages

2. Plaintiff demands a jury trial on all issues;

3. For all costs herein expended, including but not limited to attorney's fees; and

4. Any and all other relief in which he may be entitled.

Filed                 23-CI-00072    06/05/2023           Jake Staton, Clinton Circuit Clerk
Century000070
"Filed Electronically"
NOT ORIGINAL DOCUMENT
06/21/2023 10:26:29 AM
89056
Presiding Judge: HON. DAVID L. WILLIAMS (640323)
COM : 000008 of 000010
Filed                 23-CI-00072    06/05/2023           Jake Staton, Clinton Circuit Clerk
Century0070

Century000071
"Filed Electronically"
NOT ORIGINAL
06/21/2023 10:26:29
89056

Respectfully submitted,

/s/ Stephen H. Poindexter<u>          </u>
Hon. Stephen H. Poindexter
Poindexter Law Firm, PSC
360 Courthouse Square, P.O. Box 904
Burkesville, Kentucky 42717
Phone: (270) 864-1205
Fax:    (270) 864-8016

Filed            23-CI-00072      06/05/2023         Jake Staton, Clinton Circuit Clerk

## VERIFICATION

The Plaintiff, DWIGHT A. HERALD, does hereby verify that the foregoing statements and allegations as contained therein are true and correct to the best of his knowledge.

_____
DWIGHT A. HERALD

STATE OF KENTUCKY
COUNTY OF CUMBERLAND

I, a Notary Public, in and for the County and State aforesaid, do hereby certify that the foregoing document was produced to me, and duly acknowledged and sworn to before me, in said County by DWIGHT A. HERALD, party thereto, to be his free act and deed.

_____
Notary Public, State-At-Large
My Commission ID: KYNP17137
My Commission Expires: 11/02/24